which this case is governed, provides that the tax therein authorized shall "also" be imposed when any person becomes beneficially entitled, in possession or expectancy, to any property, or the income thereof, in any of the cases enumerated.   Section 11 provides that if the property upon the transfer of which a tax is imposed shall be an estate determinable upon any future or contingent estate, or shall be a reversion or remainder or other expectancy, real or personal, the entire property or fund by which such estate, interest, or income is supported, or of which it is a part, shall be appraised immediately, or as soon as practicable after such transfer, at the fair and clear market value thereof at that time; provided that, when such estate, interest, or income is of such a nature that such value cannot be ascertained at such time, it shall be appraised in like manner at the time when such value first became ascertainable.   Where the estate in remainder is dependent upon, or may be defeated by, the happening, or failure to happen, of an event or contingency named, so that the person who shall ultimately come into the actual possession and enjoyment of the estate cannot be presently ascertained, then the imposition and collection of the tax thereon must be deferred.   In re Cager's Will, 111 N. Y. 343, 18 N. E. 866; In re Curtis, 142 N. Y. 219, 36 N. E. 887; In re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281; In re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401.   In each of these cases the interest sought to be taxed was defeasible and contingent, and the court held the rule to be as above stated.   In the present case the interest of the testator's children in his estate is not contingent or dependent upon the happening of any event in the future.   Its fair and clear market value at the time of the testator's death can be ascertained, and has been found and reported by the appraiser.   The life estate and the remainder constitute the whole estate.   Each interest is vested in, and now actually possessed and enjoyed by, persons who are now known, and is an indefeasible ownership.   The value of the whole estate has been appraised, the value of the life estate has been ascertained, and the difference between these two values has been computed, and constitutes the value of the remainder.   No exception is taken to these several valuations as made.   The contention of the executor that, under the decisions in the Hoffman and Seaman Cases, the interests of the remainder-men are not now taxable, is not sustained, and an order fixing tax in accordance with the appraiser's report must be made.

(25 Misc. Rep. 466.)

## In re BOGERT'S ESTATE.

(Surrogate's Court, New York County.   December, 1898.)

1. TRANSFER TAX ACT—APPEALS—ESTOPPEL.
   An order entered on the report of an appraiser, appointed under the transfer tax act, fixed the value of a life estate in property and the tax thereon, but declared the value of the remainder undeterminable, and not subject to the tax.  *Held*, that the acceptance by the city comptroller of the tax on the life estate does not estop him from appealing from so much of the order as declares the remainder not subject to the tax, since the judgments are in fact separate and independent.

2. LEGACY TAX—VESTED REMAINDERS.
   A valid vested remainder in property is taxable at its value, which is the value of the whole estate less the value of the life estate, under Trans-

fer Tax Act, § 11 (Laws 1892, c. 399), providing that a remainder shall be taxed when its fair and clear market value can be ascertained.

Appeal from report of appraiser.

In the matter of the estate of Maria Louisa Bogert, deceased. Appeal by the comptroller of the city of New York from an order entered on the report of an appraiser appointed under the transfer tax act. Reversed.

Edgar J. Levey, for comptroller.

George E. Gartland, for beneficiary.

Thomas A. McKennell, special guardian.

ARNOLD, S. By an order heretofore entered herein, the value of the interest of the life tenant and the tax thereupon were fixed. By the provisions of the will, a vested indefeasible remainder, after the life interest mentioned, was created. The value of that interest was found by the appraiser, but the order entered declared that "said remainder estate is at present undeterminable, and not now subject to tax, but will become so upon the death of said Anna K. Bogert." Thereafter the executrix paid the amount of the tax upon the life estate to the comptroller, and obtained receipt therefor. Subsequently the comptroller filed a notice of appeal from so much of the order as stated that the remainder was not now subject to tax, and duly served the same upon the executrix and the special guardian for the infant remainder-man. The notice of appeal was returned, with the reason therefor stated in the following indorsement: "That the comptroller of the city of New York, in whose behalf said notice purports to be served, is estopped and precluded from appealing from the order mentioned in said notice by reason of the fact that he has accepted, received, and retained the tax directed to be paid therein, and has acquiesced in the directions and provisions thereof." This objection to the hearing of the appeal was urged upon the argument thereof. The point is without merit. While, for convenience, the tax upon the separate interests passing under the will is included in a single order, the judgments, nevertheless, are separate and independent. The rights and obligations of the different beneficiaries are disconnected, and in no way mutual or joint. The grave injustice which would result from upholding the contention of the respondents will appear when we consider the effect upon the other legatees if the comptroller were required to decline payment by beneficiaries who had no ground to complain against the order entered as against them, because it was necessary to do so in order to preserve his right to appeal from other portions of the order, as to which there was doubt. Interest, and possibly penalty, might be held to run against the tax so declined, and in that way beneficiaries, having no interest whatever in the litigation, would be impeded in the collection of their legacies, the administration of the estate would be hindered, and expense unnecessarily incurred. This objection is overruled. Upon the merits of the controversy, I must uphold the claim of the comptroller. The case at bar is on all fours with my decision in Re Lange, 55 N. Y. Supp. 750. The appeal is sustained. A new order may be submitted, fixing the tax upon the remainder in accordance with the appraiser's report.

Appeal sustained.